UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

NATHANIEL L. ADDERLY,              :
                                   :
          Plaintiff                :
                                   :    NO. 3:CV-07-666
     -vs-                          :
                                   :    (Judge Kosik)
                                   :
OFFICER RODDY, et al.,             :
                                   :
          Defendants               :

**MEMORANDUM**

    Plaintiff, Nathaniel L. Adderly, an inmate confined at the State Correctional Institution at Huntingdon, filed the instant civil rights action pursuant to 42 U.S.C. §1983 on April 10, 2007. He proceeds _pro se_ and _in forma pauperis_ in this matter.[1] The complaint is presently before the court for preliminary screening pursuant to 28 U.S.C. §1915. For the reasons which follow, plaintiff will be required to file an amended complaint within twenty (20) days of the date of this Order.

    The instant complaint as filed names thirteen (13) defendants, all employees at SCI Huntingdon. It is on a form complaint with a running narrative consisting of three (3) pages. The complaint, as filed, outlines conditions of confinement and various incidents which allegedly occurred while plaintiff was incarcerated at SCI-

---

[1] Plaintiff completed this court's form application to proceed _in forma pauperis_ and authorization to have funds deducted from his prison account. The court then issued an Administrative Order directing the Warden at plaintiff's place of confinement to commence deducting the full filing fee from plaintiff's prison trust fund account.

Huntingdon.  Plaintiff has also filed several supplemental documents with the court.[2]

A plaintiff, in order to state a viable civil rights claim under §1983, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995); *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

As we indicate above, the complaint as filed is a running narrative, which violates several Federal Rules of Civil Procedure. Therefore, we will direct plaintiff to file an amended complaint in conformity with the Rules of Civil Procedure.  Specifically, plaintiff is directed to comply with Rules 8 and 10.  Plaintiff is reminded that the "amended complaint must be complete in all respects.  It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F.Supp. 1185, 1198 (M.D.Pa. 1992). Additionally, it must establish the existence of actions by the defendants which have resulted in constitutional deprivations. *E.g.*, *Rizzo v. Goode*, 423 U.S. 362, 370-73 (1976).  It should specify which actions are alleged as to which defendants and when these actions occurred.  The amended complaint must be "simple,

---

[2] We note that in his form complaint, plaintiff indicates that he also has another action pending, *Adderly v. Roddy*, 07-1309, which was "erroneously filed in wrong District."

concise, and direct" as required by the Rules of Civil Procedure. *See*, Fed.R.Civ.P. 8(e)(1).

Plaintiff is further advised that, when drafting his amended complaint, he must also comply with Fed.R.Civ.P. 10. Specifically, Fed.R.Civ.P. 10(b) provides, in relevant part, that all claims ". . . shall be made in numbered paragraphs, . . ." Fed.R.Civ.P. 10(b).

Finally, plaintiff is advised that if he fails, within the applicable time period, to file an amended complaint adhering to the standard set forth above, the instant action may be dismissed. An appropriate Order will be entered.

```
                     UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF PENNSYLVANIA


NATHANIEL L. ADDERLY,              :
                                   :
              Plaintiff            :
                                   :    NO. 3:CV-07-666
         -vs-                      :
                                   :    (Judge Kosik)
                                   :
OFFICER RODDY, et al.,             :
                                   :
              Defendants           :
```

## **ORDER**

AND NOW, this 2ND day of May, 2007, IT IS HEREBY ORDERED THAT:

(1) The plaintiff shall file an amended complaint within twenty (20) days of the date of this Order;

(2) The amended complaint shall properly allege a claim under 42 U.S.C. §1983;

(3) The amended complaint shall contain a simple, concise statement of the facts in numbered paragraphs, Fed.R.Civ.P. 8, 10;

(4) The amended complaint shall be filed to the same docket number as the instant action and shall be entitled "Amended Complaint";

(5) The amended complaint shall be complete in all respects. It shall be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed.

(6) Failure to timely file an amended complaint may result in a dismissal of the action.

*S/Edwin M. Kosik*
United States District Judge