UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

NATHANIEL L. ADDERLY,  :
　　　　　　　　　　　　　　　　　:
　　　　　Plaintiff　　　　　　　　　:
　　　　　　　　　　　　　　　　　:   NO. 3:CV-07-666
　　-vs-　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　:   (Judge Kosik)
OFFICER RODDY, et al.,　　　　　:
　　　　　　　　　　　　　　　　　:
　　　　　Defendants　　　　　　　:

## **MEMORANDUM**

　　　Before the court is plaintiff, Nathaniel L. Adderly's ("Plaintiff") "Motion Opposing Sua Sponte Dismissal" (Doc. 16) filed on July 9, 2007. We will treat the filing as a motion for reconsideration of our June 21, 2007, order. For the reasons that follow, we will deny Plaintiff's motion.

### **FACTUAL HISTORY**

　　　As a detailed recitation of the history of this litigation is contained in our June 21, 2007, memorandum and order, we now set forth only those facts relevant to the resolution of the instant motion. Plaintiff, an inmate confined at the State Correctional Institution at Huntingdon (SCI-Huntingdon), filed the instant civil rights action pursuant to 42 U.S.C. §1983 on April 10, 2007. On May 2, 2007, this court ordered Plaintiff to file an amended complaint that complied with the Federal Rules of Civil Procedure. Plaintiff filed a "Partial Amended Complaint" on May 18, 2007. (Doc. 11). In that document, Plaintiff requested permission to file a "supplemental complaint to add new parties and incidents which have occurred since the last incident stated in [Plaintiff's] initial complaint." (Doc. 11, p. 1). Before we could rule on his request to file a supplemental complaint, Plaintiff filed a second amended complaint, labeled "Amended Complaint," on May 25, 2007. (Doc. 12). We reviewed both amended complaints pursuant to 28 U.S.C. §1915. By memorandum and

order of June 21, 2007, (Doc. 14) we dismissed various claims asserted in the partial amended complaint and struck Plaintiff's second amended complaint.

With regard to the second amended complaint, this court ruled that Plaintiff filed the pleading without leave of court, in violation of Fed.R.Civ.P. 15. We further noted that the second amended complaint violated several Federal Rules of Civil Procedure, specifically Rules 8 and 20, ignoring our explicit instruction that the amended complaint adhere to the Rules. This court described the second amended complaint as follows:

> Plaintiff's second amended complaint is an unmanageable, massive, chronological list of seemingly every negative occurrence that befell him in the last year. The majority of the twenty-nine (29) defendants found in Plaintiff's second amended complaint were not named in either the initial complaint or partial amended complaint. Moreover, a significant portion of the allegations contained in the forty-two (42) hand-written pages of the second amended complaint fail to state a claim upon which relief may be granted. Those include Plaintiff's complaints that prison employees called him names, that he was issued misconduct reports, and that he was not satisfied with the outcome of grievances he filed against prison guards. Given this court's difficulty in deciphering Plaintiff's allegations and locating valid claims, it is unlikely that the defendants, once served, would be able to answer Plaintiff's second amended complaint.

(Doc. 14, p. 6-7).

We next reviewed Plaintiff's partial amended complaint. That pleading, like the original complaint before it and the second amended complaint that followed, was replete with errors and violations of the Federal Rules. Rather than dismiss the partial amended complaint with the hope that Plaintiff would file an appropriate complaint on his fourth attempt, this court chose to interpret the claims contained in Plaintiff's partial amended complaint liberally and dismiss only those causes of action that were obviously frivolous, failed to state claim upon which relief may be granted, or sought monetary relief against a defendant who is immune from such damages.

This court noted that Plaintiff's partial amended complaint failed to state wether the defendants were being sued in their official or unofficial capacities. As all of the

defendants were employees of the Pennsylvania Department of Corrections, any claims against the defendants in their official capacities and seeking monetary relief were barred by the Eleventh Amendment and dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). We then reviewed the partial amended complaint and dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), all accusations that failed to state a claim upon which relief may be granted. In the end, this court determined that the following claims survived our 28 U.S.C. § 1915 review: (1) a First Amendment retaliation claim against Sgt. Taylor; (2) an Eighth Amendment conditions of confinement claim against Lt. Holtz; (3) an Eighth Amendment conditions of confinement claim against defendant Yonker; and, (4) an Eighth Amendment conditions of confinement claim against defendant Roddy.

## DISCUSSION

A motion for reconsideration is a device of limited utility. It may be used only to correct manifest errors of law or fact, or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision. *Harsco Corp. V. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985). It has also been held that a motion for reconsideration is appropriate in instances where the court has "misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 27 (M.D. Pa. 1995), *vacated in part on other grounds*, 915 F. Supp. 712 (M.D. Pa. 1996). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus. Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

On July 9, 2007, Plaintiff filed a "Motion Opposing Sua Sponte Dismissal." (Doc. 16). In the motion, Plaintiff explains that he gave the partial amended complaint to prison staff to file before receiving this court's May 2, 2007, order requiring Plaintiff to file an amended complaint. He suggests that the partial amended complaint was intended to

supplement to the original complaint, and was not filed in response to the May 2, 2007, order. Plaintiff asserts that the second amended complaint, labeled "Amended Complaint" and filed on May 25, 2007, was his response to our order mandating that he file an amended complaint. Plaintiff contends that staff at SCI-Huntingdon delayed his incoming and outgoing mail. He concludes that, as a result, this court mistakenly accepted the May 18, 2007, partial amended complaint, rather than the May 25, 2007, second amended complaint, as his response to our May 2, 2007, order.

This court understands that prisoner mail is often delayed. As a result, we regularly apply filing deadlines liberally in cases pursued *pro se* by state and federal inmates. In this instance, it is entirely feasible that the chronology of events occurred in the manner suggested by Plaintiff. Moreover, we have no reason to doubt Plaintiff's explanation of how this court's order and Plaintiff's partial amended complaint crossed in the mail. Accepting Plaintiff's assertions as true, however, we will not now disregard Plaintiff's May 18, 2007, partial amended complaint, and revive the May 25, 2007, second amended complaint.

As we noted in our June 21, 2007, order, Plaintiff's May 25, 2007, second amended complaint was an unmanageable, massive, chronological list of seemingly every negative occurrence that befell him over the last year. Plaintiff's allegations were contained in 106 numbered paragraphs supplemented by seventy-one (71) footnotes. The second amended complaint named twenty-nine (29) defendants, the majority of whom are not found in either the initial complaint or partial amended complaint. A significant portion of the allegations contained in the forty-two (42) hand-written pages of the second amended complaint failed to state a claim upon which relief may be granted, and would have been dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Additionally, the pleading ran afoul of many Federal Rules of Civil Procedure. Plaintiff made no attempt to heed this court's May 2, 2007, order, mandating that the amended pleading abide by Rule 8 and contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed.R.Civ.P. 8(a)(2). Moreover, the second amended complaint violated Rule 20. Specifically, Plaintiff impermissibly joined together a myriad of unrelated and indecipherable claims against dozens of defendants.

Even if this court had initially accepted Plaintiff's second amended complaint as his response to our May 2, 2007, order, we would nonetheless have been compelled to strike the pleading. Accordingly, any delay in prison mail and resulting confusion over the amended pleadings is of no consequence. We will not reconsider our order of June 21, 2007. Plaintiff's partial amended complaint has been accepted by this court as the relevant pleading in this case. Plaintiff will be permitted to pursue those viable claims set forth in the partial amended complaint and identified in our June 21, 2007, memorandum. Those include: (1) a First Amendment retaliation claim against Sgt. Taylor; (2) an Eighth Amendment conditions of confinement claim against Lt. Holtz; (3) an Eighth Amendment conditions of confinement claim against defendant Yonker; and, (4) an Eighth Amendment conditions of confinement claim against defendant Roddy.[1] All other claims in the partial amended complaint asserted against all other defendants have been dismissed. Moreover, all claims against defendants Taylor, Holtz, Yonker, and Roddy in their official capacities have been dismissed.

We note that Plaintiff is free to pursue any unrelated claims asserted in any of his pleadings in separate civil actions. Plaintiff is once again cautioned to abide by the Federal Rules, notably: Rule 8, requiring that any complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief;" Rule 10, regarding the form of pleadings; and, Rule 20, permitting joinder of defendants only where there is "asserted

---

[1] Most, if not all, of the four claims were also stated, or referenced to, in Plaintiff's May 25, 2007, second amended complaint. This court could have reached the identical result if we accepted the second amended complaint, singled out the above four claims, and dismissed the remaining invalid or unrelated claims pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 20, respectively.

against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Additionally, we strongly suggest that Plaintiff draft any future complaints on the pleading form provided to inmates filing § 1983 actions *pro se*. By using the form complaint and adhering to the Federal Rules of Civil Procedure, Plaintiff can ensure that any valid claims will be adjudicated.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

NATHANIEL L. ADDERLY, :
         Plaintiff :
          : NO. 3:CV-07-666
    -vs- :
          : (Judge Kosik)
OFFICER RODDY, et al., :
         Defendants :

# **ORDER**

AND NOW, this 7th day of August, 2007, IT IS HEREBY ORDERED THAT the plaintiff's "Motion Opposing Sua Sponte Dismissal" (Doc. 16), treated as a motion for reconsideration of this court's June 21, 2007, order, is **DENIED**.

                                       *s/Edwin M. Kosik*
                                       United States District Judge