```
              UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF PENNSYLVANIA
```

NATHANIEL L. ADDERLY,           :
                                :
         Plaintiff,             :
                                :    No. 3:CV-07-666
         -vs-                   :
                                :    (Judge Kosik)
                                :
OFFICER RODDY, et al.,          :
                                :
         Defendants.            :

## **ORDER**

Before the court is "Plaintiff's Motion Reasserting Plaintiff's Motion for Judgment on the Pleadings (Summary Judgment) Doc. 35." We will construe plaintiff's motion as one to reconsider this court's Order of August 8, 2008, and we will deny the motion.

This court entered a Memorandum and Order on August 8, 2008 denying plaintiff's motion for default judgment and plaintiff's motion for judgment on the pleadings finding that plaintiff was not prejudiced by the delay in defendant's answer and that there were outstanding issues to be resolved. On August 12, 2008, plaintiff filed the instant motion, which we will construe as a motion for reconsideration.

A motion to reconsider is used to correct manifest errors of law or fact, or to present newly discovered precedent or evidence that, if discovered previously, might have affected the court's decision. See Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). "Because federal courts have a strong interest in the

finality of judgments, motions for reconsideration should be granted sparingly." Cont'l Cas. Ins. Co. v. Diversified Indus. Inc., 884 F.Supp. 937, 943 (E.D.Pa. 1995). A party seeking reconsideration must demonstrate at least one of the following grounds prior to the court's altering or amending a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was unavailable when the court entered judgment; and (3) the need to correct a clear error of law or fact to prevent manifest justice. Max's Seafood Café v. Quineros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995). The motion may not be used to reargue unsuccessful theories, or to argue new facts or issues that were not presented to the court in the context of the matter previously decided. See Drysdale v. Woerth, 153 F.Supp.2d 678, 682 (E.D.Pa. 2001).

As we indicated in our original Memorandum, there is no dispute that defendants failed to timely respond to plaintiff's amended pleading and they did not timely request an extension of time within which to do so. However, the court found merit to and granted defendants' two motions for extensions of time to respond to plaintiff's amended pleading. Thus, defendants' response to plaintiff's amended pleading was not due until December 30, 2007. Defendant's answer with affirmative defenses was filed on December 10, 2007.

Moreover, the court agreed with defendants that their failure to timely respond to plaintiff's partial amended complaint did not

impede the litigation of this case and did not prejudice plaintiff in any way. Plaintiff has not shown any prejudice to his claims due to the short delay in this case. Also, the courts disfavor resolving cases by default judgment. See Huertas v. City of Phila., 2003 WL 21294903, *1 (E.D.Pa. April 30, 2003)("Generally, courts in [the Third Circuit] disfavor the default procedure because the interests of justice are best served by obtaining a judgment on the merits."). Additionally, as to plaintiff's motion for judgment on the pleadings, we found that there were questions of fact to be resolved.

ACCORDINGLY, THIS 15TH DAY OF AUGUST, 2008, IT IS HEREBY ORDERED THAT:

(1) The plaintiff's motion for reconsideration (Doc. 40) is **DENIED;** and,

(2) The Order dated August 8, 2008 denying the plaintiff's motions will stand.

*s/Edwin M. Kosik*
United States District Judge